UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JOSE C. FEBLES and )<br>JUAN C. FEBLES, )<br>)<br>Defendants. ) | Docket No. 2:16-cr-141-NT |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Before me is the Defendants' motion to dismiss Counts Four and Six. (ECF Nos. 106, 108). Counts Four and Six charge Defendants Jose Febles and Juan Febles, respectively, with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The Defendants assert that this charge is multiplicitous of the Count One charge of conspiracy to commit access device fraud under 18 U.S.C. § 1029(b)(2) because both rely on the same credit card and "do[] not contain any element not already alleged and fully encompassed" in the other. Defs.' Mot. to Dismiss 2. That being so, Defendants argue, pursuing both charges violates the Fifth Amendment protection against double jeopardy.[1]

"Defendants may be subjected to multiple punishment for the same conduct under more than one statute so long as the legislature intended to create separate offenses." *United States v. Gerhard*, 615 F.3d 7, 18 (1st Cir. 2010); s*ee also Garrett v. United States*, 471 U.S. 773, 778 (1985) ("Where the same conduct violates two

---

[1] "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V.

statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense.").

For purposes of this case, subsection (a) of § 1029 makes it unlawful to: (1) use one or more unauthorized access devices during any one-year period to obtain anything of value aggregating $1,000 or more or (2) possess fifteen or more counterfeit or unauthorized access devices. 18 U.S.C. § 1029(a)(2)-(3). The term "access devices" includes credit cards. 18 U.S.C. § 1029(e)(1); *see also United States v. Lee*, 317 F.3d 26, 35 (1st Cir. 2003). Subsection (b) of § 1029 makes it unlawful for a person to be "a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this section, if any of the parties engages in any conduct in furtherance of such offense." §1029(b)(2).

The aggravated identity theft statute, § 1028A(a)(1), reads:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification[2] of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

§ 1028A(a)(1). The term "felony violation enumerated in subsection (c)" is defined to include § 1029 offenses. *See* § 1028A(c)(4). Additionally, § 1028A(b)(2) requires that the two-year sentence provided for in § 1028A(a)(1) be imposed consecutively to any term of imprisonment for a predicate felony. *United States v. Martin*, 325 Fed. App'x 7, 8 (1st Cir. 2009) ("The plain wording of the aggravated identity theft statute reveals

---

[2] The term "means of identification" is defined to include an "access device (as used in section 1029(e))." 18 U.S.C. § 1028(d)(7)(D).

that Congress 'specifically authorize[d] cumulative punishment under two statutes.'") (quoting *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *United States v. Lyles*, 506 F. App'x 440, 454 (6th Cir. 2012) ("Congress clearly intended that the sentence prescribed by § 1028A should run consecutively to any sentence imposed under § 1029(a)(2)") (relying on *Garrett*, 471 U.S. at 778). The language and structure of these statutes demonstrate that Congress intended to authorize separate, cumulative punishment for a violation of § 1028A that is based on a violation of § 1029. From this I conclude that Congress intended these two provisions to constitute separate offenses. *United States v. Bonilla*, 579 F.3d 1233, 1244 (11th Cir. 2009) (finding no double jeopardy where a defendant faced charges under § 1029(a)(2) and § 1028A(a)(1)).

The legislative history of § 1028A supports this conclusion. As the First Circuit has observed, "a major concern of § 1028A(b)(3)'s drafters was to ensure, by making the sentences truly cumulative, that prosecutors had an incentive to charge both the aggravated identity theft violation and the underlying predicate felony or felonies." *United States v. Vidal-Reyes*, 562 F.3d 43, 54 (1st Cir. 2009) (construing H.R.Rep. No. 108-528, at 10, to show that the bill amended Title 18 to provide for a "mandatory consecutive penalty enhancement of 2 years for any individual who knowingly transfers . . . the means of identification of another person in order to commit a serious Federal *predicate* offense" (emphasis added).

Although I do not believe that the legislative intent to create two separate offenses is ambiguous, the *Blockburger* test, which is applied as a rule of statutory

construction to help determine legislative intent, removes any doubt. *See Garrett*, 471 U.S. at 778-79. The Supreme Court in *Blockburger v. United States*, held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932)*; see also United States v. Nascimento*, 491 F.3d 25, 48 (1st Cir. 2007). Here, each of the offenses requires proof of at least one element that the other does not. A § 1029 conspiracy requires an agreement between the defendant and at least one other, and the required overt act in furtherance of the conspiracy need not be committed by the defendant. Under § 1028A, the Government must prove two elements not required under § 1029(a), that is, that the access device actually belonged to another person and that the defendant knew that the access device belonged to another person. *See Flores-Figueroa v. United States,* 556 U.S. 646, 657 (2009).

## CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** the motion to dismiss.


SO ORDERED.

/s/ Nancy Torresen  
United States Chief District Judge

Dated this 13th day of March, 2017.