## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:16-cr-141-NT |
| | ) |
| JOSE FEBLES, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTIONS TO SUPPRESS

Before me are Defendant Jose Febles' motion to suppress and supplemental motion to suppress. Def.'s Mot. to Suppress (ECF No. 105); Def.'s Suppl. Mot. to Suppress (ECF No. 145). A hearing was held on the initial motion on March 7, 2017. For the reasons stated on the record at the hearing, I find that Officer McGee had probable cause to arrest co-defendant Gargallo for the crime of credit card fraud. From this, I also find Officer McGee had authority to search the Jeep in which Gargallo, Febles, and a third co-defendant were riding at the time of their arrest for evidence of the crime of credit card fraud, including the wallet found on the seat of the vehicle. In addition, for the reasons stated on the hearing record, I find that Officer McGee had probable cause to arrest Defendant Jose Febles. The contents of Febles' wallet are not, therefore, inadmissible as the fruit of the poisonous tree.

The record also does not support Febles' argument that his *Miranda* waiver was invalid due to language and cultural barriers. A valid *Miranda* waiver must be, under the totality of the circumstances, voluntary and knowing and intelligent. *United States v. Bezanson-Perkins*, 390 F.3d 34, 39 (1st Cir. 2004). A waiver is

voluntary where it is not the product of intimidation or coercion, and it is knowing and intelligent where the defendant is advised of his right to silence and counsel and understands that any statements may be used as evidence against him. *Id*. Upon review of the Interrogation Transcription and Translation, I find that Deputy Raphael Mendoza read the *Miranda* warnings to Febles in English and Spanish, Febles indicated in Spanish that he understood the warnings, and Febles said that he would speak with the officers without an attorney present. Interrogation Transcription and Translation 4-7 (ECF No. 148). Accordingly, I find that the Government has met its burden to establish a valid *Miranda* waiver.

Febles' also cannot prevail on his claim that his statements were involuntary due to language and cultural barriers. The Fifth Amendment provision against self-incrimination renders inadmissible statements coerced from a defendant. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003); *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). A court's determination of voluntariness turns on whether, under the totality of the circumstances, the law enforcement officials obtained the evidence by overbearing the defendant's will. *United States v. Jacques*, 744 F.3d 804, 809 (1st Cir. 2014). Factors include the nature of the police activity, such as the location of the questioning, whether *Miranda* warnings were given, and whether the accused initiated contact with law enforcement, and also the accused's characteristics, such as age, prior experience with the criminal justice system, and physical and mental condition. *Id*.; *United States v. Hughes*, 640 F.3d 428, 438 (1st Cir. 2011); *see also United States v. Shi*, 525 F.3d 709, 730 (9th Cir. 2008) (finding the defendant's

confession voluntary, in part because *Miranda* warnings were given in the defendant's native language).

Here, as Detective Gerard Brady testified at the suppression hearing, Febles' interrogation took place in a windowless, secure room at the Cumberland County Jail. Detective Brady and Deputy Mendoza were the only two officers in the room. Deputy Mendoza obtained a valid *Miranda* waiver from Febles and proceeded to ask Febles questions in Spanish, which Febles indicated he preferred. The officers were unarmed and in plain clothes, spoke to Febles without raising their voices, and did not make any threats or promises. The interrogation lasted approximately forty minutes. Detective Brady described Febles as calm, unafraid, cooperative until the end of the interview, when Febles indicated he wanted to stop. In addition, several of Febles' characteristics weigh in favor of voluntariness, including that Febles has lived in the United States for approximately ten years, he is twenty-nine years old, and he has some criminal justice system experience through two prior arrests (one in 2010, the other in 2015). Gov's Opp'n to Def.'s Mot. to Suppress 18 (ECF No. 111). Under the totality of these circumstances, I find that the language and cultural barriers Febles may have faced were not so significant as to render his statements involuntary.

Finally, in a supplemental motion to suppress, Febles challenges the scope of the search of the laptop, pursuant to the execution of a search warrant for the Jeep. Def.'s Suppl. Mot. to Suppress. Febles asserts that the affidavit supporting the warrant is "insufficient on its face to establish the requisite indicia of probable cause to search the laptop computer to the extent the laptop computer was searched" by the

U.S. Secret Service Maine Computer Crimes Unit. Def.'s Suppl. Mot. to Suppress 1. The search warrant authorized the seizure of any "computers" within the Jeep, to be searched "for victim information." Warrant (ECF No. 145). I find that the affidavit established probable cause that the computers found in the co-defendants' vehicle would contain credit card fraud victim information and that the search did not exceed the scope of the warrant.

## CONCLUSION

For the reasons stated above, the Defendant's motion to suppress and the Defendant's supplemental motion to suppress are **DENIED**.

SO ORDERED.

/s/  Nancy Torresen<br>
United States Chief District Judge

Dated this 29th day of March, 2017.